RECEIVED
IN ALEXANDRIA, LA

DEC 02 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

| | |
|---|---|
| **LARRY LEE STANLEY (#123259)** | CIVIL ACTION NO. 09-cv-952; SEC.P |
| **VERSUS** | JUDGE DEE D. DRELL |
| **UNKNOWN PRISON OFFICIALS** | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the complaint of Plaintiff Larry Lee Stanley, filed pro se and in forma pauperis. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections and is incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. In his original complaint, Plaintiff alleges that unknown prison officials stole money from his inmate account. In an amended complaint, Plaintiff alleges negligence by the medical department at WCC. Plaintiff names as defendants "Unknown Prison Officials" and "Medical Department."

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

## FACTUAL BACKGROUND

Plaintiff's suit was originally filed in the Middle District of Louisiana, and it was transferred to this Court. He alleges that since July 2008, he was improperly charged for medical and canteen transactions. Plaintiff asks that the Court contact or investigate the records department at Winn Correctional Center and

have financial documents delivered to Plaintiff as soon as feasible. In his amended complaint [Doc. #8], Plaintiff alleges that he intends to pursue a "discriminatory medical malpractice" action against the medical department. Since filing this complaint, Plaintiff has filed two subsequent lawsuits making similar allegations as those set forth in the instant case. He asks the Court to investigate the false invoices/charges made to Plaintiff's prison account.

## LAW AND ANALYSIS

In order to assert a claim for the violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law. See West v. Atkins, 487 U.S. 42, 48 (1988)(citations omitted); Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development, 980 F.2d 1043, 1050 (5th Cir. 1993). Plaintiff's allegations as to the deprivation of property (i.e., money from his inmate account) fail to satisfy the first element.

While Plaintiff has not alleged the constitutional basis for his claim, it appears that he is complaining of a loss of property without due process of law. The Fourteenth Amendment to the

Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV § 1. Under the "Parrat/Hudson" doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy. See Myers v. Klevenhagen, 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in Parratt v. Taylor, 451 U.S. 527 (1981) and Hudson v. Palmer, 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a pre-deprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.") The doctrine is inapplicable where the deprivation is claimed to be in accordance with official policy or local custom or procedure. See Brooks v. George County, Miss., 84 F.3d 157, 164 (5th Cir.), cert. den'd, 519 U.S. 948 (1996)(citations omitted). Plaintiff does not raise such a claim here.

In challenging a random intentional property deprivation, the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate. See Hudson, 468 U.S. at 534-35; Myers, 97 F.3d at 94. Louisiana law provides

plaintiff the opportunity to seek redress for either the negligence of prison officials or an intentional tort (conversion) committed by employees at WCC. La. Civil Code, Article 2315. This provision of state law, which is the general tort provision of the Civil Code, provides all the process that is required, and the Fourteenth Amendment is not implicated. Charbonnet v. Lee, 951 F.2d 638 (5th Cir. 1992), *cert. denied*, 505 U.S. 1205 (1992). Thus, Plaintiff's allegation concerning the spending of money in his inmate account does not amount to a violation of a constitutional right, and his claim under 42 U.S.C. § 1983 should be dismissed.

To the extent that Plaintiff claims that the loss of his property was the result of negligence, such allegation also does not state a cause of action under §1983. See Daniels v. Williams, 474 U.S. 327, 328 (1986); Davidson v. Cannon, 474 U.S. 344, 347 (1986). Where negligence is involved in causing a deprivation of property, no procedure for compensation is constitutionally required. Id.

In Plaintiff's amended complaint, he states that he intends to sue the medical department for "discriminatory medical malpractice." Acts of negligence or medical malpractice are insufficient to establish a constitutional violation. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). To state a claim under §1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical

4

needs." <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976). Plaintiff has alleged negligence, which does not state a claim under §1983.

Moreover, Plaintiff asks that the Court order injunctive relief in the form of an investigation into Plaintiff's prison account expenditures. Injunctive relief in the form of "superintending federal injunctive decrees directing state officials" is an extraordinary remedy. <u>Morrow v. Harwell</u>, 768 F.2d 619, 627 (5th Cir. 1985). First, to obtain a preliminary injunction a Plaintiff must show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) that granting the preliminary injunction will not disserve the public interest. See <u>Planned Parenthood of Houston & Southeast Texas v. Sanchez</u>, 403 F.3d 324, 329 (5th Cir. 2005).[1] Also, a civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See <u>Schultea v. Wood</u>, 47 F.3d 1427, 1433 (5th Cir. 1995). Plaintiff has not set forth any allegations of a substantial threat to him that would cause irreparable harm. He

---

[1] For a permanent injunction to issue, the plaintiff must prevail on the merits of his claim and establish that equitable relief is appropriate in all other respects. See <u>Dresser-Rand Co. v. Virtual Automation Inc.</u>, 361 F.3d 831, 847 (5th Cir. 2004)(citations omitted).

5

has not presented any non-conclusory factual allegations. Furthermore, Citizens do not enjoy a constitutional right to have their claims investigated by federal or local executive officials. See Hymel v. Champagne, 2007 WL 1030207 (E.D.La. 2007)(citations omitted). To the extent that Plaintiff wants the Court to order a criminal investigation or prosecution, his claim is frivolous. There is no constitutional right to have a person criminally prosecuted. See Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990).

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED and DISMISSED** with prejudice as frivolous under 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Federal Rule of Civil Procedure 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.**

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date**

of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this _2nd_ day of ___December___, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE